UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ZOUHEIR SAUL FAKHOURI,     :
                :
        Petitioner     :
                :
      v.         :     CIVIL NO. 4:CV-08-1086
                :
COMMON PLEAS COURT OF PIKE  :
COUNTY, PENNSYLVANIA    :
                :     (Judge McClure)
        Defendant     :


## MEMORANDUM

June  16, 2008

## Background

      This *pro se* petition seeking the issuance of a writ of mandamus was

initiated by Zouheir Saul Fakhouri ("Petitioner"), a pre-trial detainee presently

confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania.

The required filing fee has not been paid and the Petition is not accompanied by an

application requesting leave to proceed *in forma pauperis*.[1]  For the reasons set

forth below, Fakhouri will be granted temporary *in forma pauperis* status for the

---

[1]    However, Petitioner's action makes numerous references to his indigent
status.

sole purpose of the filing of this action and his Petition will be dismissed, without prejudice.

Named as Respondent is the Pike County Court of Common Pleas. Petitioner describes himself as being an immigrant from Morocco who has been in this country for twenty (20) years. Fakhouri states that he was arrested by the Pennsylvania State Police on August 8, 2007 based upon information provided by "an unreliable informant" and charged with delivery of controlled or counterfeit substance, possession with intent to deliver a controlled or counterfeit substance and criminal use of a communication facility. Record document no. 1, p. 4.

Due to his inability to post what is alleged as being an excessive bail, Petitioner has been confined since his arrest. *See id.* His Petition acknowledges a Public Defender has been appointed to represent him with respect to his state criminal prosecution. However, Fakhouri alleges that his attorney has provided him with ineffective assistance, including: misleading him during his preliminary hearing as to the concept of waiving his rights; failing to respond to his correspondence; agreeing to a trial continuance without obtaining Petitioner's permission; and neglecting to subpoena the personnel files of the arresting officers. He further contends that the Commonwealth has intentionally delayed

providing discovery responses.   As relief, Petitioner seeks dismissal of all

charges.

## **Discussion**

The only federal statute under which a party may seek mandamus relief

from a federal court is 28 U.S.C. § 1361.  It provides in its entirety:

> The district courts shall have original jurisdiction of any
> action in the nature of mandamus to compel an officer or
> employee of the United States or any agency thereof to
> perform a duty owed to the plaintiff.

Since Petitioner is requesting that this Court compel Respondent, a state

court, to perform a duty, there is no proper jurisdiction under § 1361 or any other

federal statute.  Consequently, dismissal of the request for mandamus relief for

lack of jurisdiction is  appropriate.

Moreover, mandamus is a drastic measure "to be invoked only in

extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996)

(quoting *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).  The

Supreme Court in *Allied* added that a mandamus petitioner has the burden of

establishing a clear and indisputable right to relief.  *Id.* at 35.  *See also Kerr v.*

*United States Dist. Court*, 426 U.S. 394, 403 (1976).  In *Kerr*, the court noted that

in order to receive mandamus relief, the party seeking it must "have no other

3

adequate means to attain the relief he desires. . . ." *Id.*   Fakhouri does have other means available to him, specifically, he may submit his present his present claims and request for relief to the appropriate Pennsylvania state court.

It is further noted that in *Younger v. Harris*, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.*, 973 F.2d 169, 173 (3d Cir. 1992).  Under *Younger*, the test for federal court abstention is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.*[2]  Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

Pursuant to the *Younger* standards , intervention by this Court into the

---

[2].  Exceptions to *Younger* abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." *Id.*

4

ongoing state criminal prosecution of Fakhouri is not warranted at this juncture.

To the extent that there are ongoing state criminal proceedings, abstention is

required in this case out of deference to the integrity of the state judicial process.

Pursuant to the above discussion, the petition for writ of mandamus will be

dismissed without prejudice.  An appropriate Order will enter.


<u>s/James F. McClure, Jr.</u>
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ZOUHEIR SAUL FAKHOURI,          :
                                :
             Petitioner         :
                                :
      v.                        :      CIVIL NO. 4:CV-08-1086
                                :
COMMON PLEAS COURT OF PIKE      :
COUNTY, PENNSYLVANIA            :
                                :      (Judge McClure)
             Defendant          :

## ORDER
June  16, 2008

In accordance with the accompanying Memorandum**, IT IS HEREBY**

**ORDERED THAT:**

1.  Petitioner is granted temporary leave to proceed *in forma pauperis* for the sole purpose of filing this action.

2.  The petition for writ of mandamus is dismissed without prejudice.

3.  The Clerk of Court is directed to close the case.

4.  Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

6